CASE 18.—ACTION BY ALICE ATHERTON AGAINST THE
CUMBERLAND TELEPHONE & TELEGRAPH COM-
PANY FOR DAMAGES FOR FAILING TO DELIVER A
MESSAGE.—February 28.

## Cumberland Telephone & Telegraph Co. v. Atherton

Appeal from Carlisle Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff, defendant appeals. Reversed.

1. Telephones—Messages—Failure to Deliver—Liability—The rule which is applied in this State to actions for damages against telegraph companies for non-delivery of messages in certain cases, allowing a recovery for mental anguish applies with every reason to telephone companies.

2. Free Delivery Limit—Failure to Find Addressee at Place Addressed—Where a telephone company accepts a message to be delivered beyond its line and free delivery limit, it undertakes to deliver the mesasge to the person addressed, at the place addressed, and when its messenger with expedition arrived at the place and found the addressee was not there, but was many miles away, the company has done all it could do or was required to do under its contract.

3. Messenger of Company—Power to Bind Company—Notice of Authority—Naked Agreement—In an action against a telephone company for damages for failure to deliver a telegram announcing the expected death of a sister, an alleged agreement of the company's messenger to take the message on to the addressee beyond its destination was nudum pactum and without the scope of the authority to bind the company. The nature of his agency, a mere messenger, was notice of the limitation upon his power to enter into contracts for the telephone company extending its liability, even if there had been a consideration paid to him for so doing.

2. Remote Results—Speculation—The company is not liable by reason of the failure of the messenger to notify it that he could not find the addressee at the place addressed, upon the

Cumberland Telephone & Telegraph Co. v. Atherton.

idea that the company might then have sent another messenger to deliver the message, who might have reached her in time to have gone to her sister's bedside. The result is too remote, is highly speculative, and not proximately related to the breach complained of.

JOHN E. KANE for appellant.

1. In order to have a stated cause of action against appellant, it is indispensible that her petition must show either (1) a breach of some duty that it owed to her in its capacity as a servant of the public, or (2) a breach of contract made with her or with some one else for her benefit.

2. The only duty owed by a telegraph company in its capacity as a servant of the public, and in the absence of special contract, is to receive the message from the sender and transmit it properly to the place to which it is addressed, and there deliver it to the party to whom it is addressed, if he resides within, or may be found within the limits of the free delivery limits established at the terminal office. This is the settled rule of law in our own State and in the adjudications of other States.

3. The contract for special delivery called for a delivery at Cunningham, it was, therefore, the duty of appellant under this contract to promptly transmit the message from Bardwell to Cunningham by special messenger and there deliver it to the appellee, if she was to be found there, or if not, leave it at her home, or deliver it to those in charge of her home, but it was under no obligation to deliver it to her at the home of George Stevens, or elsewhere.

4. It is a well settled rule of law that the authority of a special agent is limited in its nature, and that in order to bind the principal, his authority must be strictly pursued.

## AUTHORITIES CITED.

Western Union Tel. Co. v. Henderson, 18 Am. St. Rep., 148; Western Union Tel. Co. v. Mathews, 55 S. W. Rep., 427; Western Union Tel. Co. v. Mathews, 67 S. W. Rep., 849; Mechem on Agency, sections 288 and 289; Stamey v. Western Union Tel. Co., 44 Am. St. Rep., 95.

J. M. NICOLS & SON for appellee.

1. The message here was, "Your sister is dying; come at once."

The immediate delivery of this message was urgent and apparent. If not delivered at once it need not be delivered at all.

2. It will not do to hold that a telephone company has discharged its duty under the contract by merely going to the home of the party to whom the message is addressed, and upon finding the party absent make no further effort to deliver the message, although the company is informed as to where the party is and that they can be easily reached.

3. Under the law they are bound to use ordinary diligence to deliver the message. It is not ordinary diligence when they have a message of the importance of the one sent in this case, to merely call at the home of the party, and, not finding the party there, make no further effort to deliver the message.

4. Although this message was to be delivered to appellee at Cunningham, still, when appellant found that she was not there, but was at George Stephens,' and could be reached in an hour and a half, good faith and ordinary diligence required it to deliver the message to appellee at George Stevens'.

t

OPINION BY JUDGE O'REAR—Reversing.

Appellee resided at Cunningham, a village about 10 miles distant from Bardwell. Her sister, Mrs. Hooper, lived at Mayfield, which is about 35 or 40 miles from Cunningham. Appellant operated a telephone line between Mayfield and Bardwell. But there was no telephone line at Cunningham, nor was there a telephone or telegraph station nearer to Cunningham, than Bardwell. On October 14, 1904, a telephone message was sent over appellant's line from Mayfield to appellee, addressed to her at Cunningham, stating that her sister, Mrs. Hooper, was dying, and to come at once. Appellant's manager at Bardwell agreed with the sender of the message to deliver it for $2, which was paid. At Bardwell the message was written out as sent over the line, inclosed in an envelope addressed to appellee, and delivered to a special carrier employed by appellant for the purpose, to be delivered to appellee. The carrier pro-

ceeded in a buggy to Cunningham. There were three persons who lived there bearing the name of Alice Atherton. The one first seen opened the message and read it, and explained that she was not the proper person, but told the messenger where the addressee resided. He went on and on inquiry was directed to another Alice Atherton, who was the daughter-in-law of the addressee, and who lived a short distance, perhaps a block, away. The messenger then learned that the person for whom the message was intended was not then at home, but was on a visit to another daughter-in-law some 8 or 10 miles away, being also about that distance from Bardwell. There is some conflict in the testimony whether the messenger then undertook to deliver the message to Mrs. Atherton, Sr., or whether he then left it with Mrs. Atherton, Jr., and refused to go further with it. At any rate, he did not deliver it, nor did he report to the sender that he was unable to deliver it. The next day he saw a man who was going to the neighborhood where appellee was visiting, and told him of the message. In this way appellee first learned that a message had been sent to her, but she did not then learn its contents. She hurried to a telephone station four or five miles away, and upon calling up a neighbor to her sister at Mayfield learned that Mrs. Hooper was dead, and that they were then at the cemetery to bury the body. This suit was brought by appellee against appellant to recover for her mental anguish, on account of the breach of its contract, whereby she was deprived from attending the burial of her sister, and of seeing her before she was buried. A verdict and judgment for $300 was rendered in her favor.

The rule which is applied in this State to actions

for damages against telegraph companies for non-delivery of messages in certain cases, allowing a recovery for mental anguish, applies with every reason to telephone companies. South Western Telephone Co. v. Taylor, 26 Tex. Civil App. 79, 63 S. W. 1076. The nature of the service to be rendered is quite similar, and in this case was identical with that usually done by telegraph companies. The message was to be transmitted to the end of the company's line, there reduced to writing, and delivered by special carrier to the addressee at a remote point, beyond the company's free delivery limits. The contract in this case was to transmit and promptly deliver the message to appellee at Cunningham, using the telephone line as far as Bardwell, and thence the service of a special messenger. It was not to deliver the message unconditionally, or at all events, but to deliver it at Cunningham. The consideration paid was based upon that undertaking. When the messenger with expedition arrived at Cunningham and found that the addressee of the message was not in the town, but was many miles away, appellant had done all that it could do or was required to do under its contract, unless it was to report to the sender of the message the fact that it could not be delivered. Telegraph and telephone companies cannot know the residence of all persons for whom they accept messages. Unless they in fact know, and accept and undertake to deliver the message, although the addressee is not within a reasonable free delivery limit of the receiving office, the implication is that the parties undertook that the sender represented the addressee to be at the point to which the message was addressed, and that the company undertook to

use all reasonable diligence and dispatch to find the addressee at that point and deliver the message there. Western Union Tel. Co. v. Henderson, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148. The same rule of construction applies where the company accepts a message to be delivered beyond its line and free-delivery limit; that is, that it undertakes to deliver the message to the person addressed, at the place addressed. The alleged agreement of the messenger to take the message on to appellee, beyond its destination, was nudum pactum, and without the scope of his authority to bind appellant. The nature of his agency, a mere messenger, was notice of the limitation upon his power to enter into contracts for the telephone company extending its liability, even if there had been a consideration paid to him for doing so. Stamey v. W. U. Tel. Co., 92 Ga., 613, 18 S. E. 1008, 44 Am. St. Rep. 95.

Appellee contends that the error in instructing the jury that they could find against appellant, if the special messenger agreed to deliver the message to her beyond Cunninham, is harmless, because it was appellant's duty at least to have reported to the sender of the message that it could not be delivered, and that then other means would have been adopted to have communicated that night the information the message contained. We think the probability of all the things happening so as to produce the result contemplated is too remote to be the basis of a recovery for damages. It supposes that the sender of the message would have undertaken at that late hour to send another; that the company would have entered into another special contract for a delivery beyond its limits; that the mesenger would have found appellee;

that it would have reached her in time; 'and that she would have gone to her sister's bedside. The result is too remote, is highly speculative, and not proximately related to the breach complained of, to wit, the failure to notify the sender of the message that it had not been delivered. Under the evidence in this case the court should have peremptorily instructed the jury to render a verdict for appellant.

Judgment reversed, and cause remanded for a new trial under proceedings consistent herewith.